```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF RHODE ISLAND
```

```
_____
                                   )
TRAVELERS CASUALTY AND             )
SURETY COMPANY, INC.,              )
                                   )
           Plaintiff,              )
                                   )
     v.                            )    C.A. No. 10-147 S
                                   )
PROVIDENCE WASHINGTON              )
INSURANCE COMPANY, INC.,           )
                                   )
           Defendant.              )
_____)
```

**OPINION AND ORDER**

WILLIAM E. SMITH, Chief Judge.

Pending in the above-captioned matter is a Motion for Summary Judgment filed by Plaintiff, Travelers Casualty and Surety Company, Inc. ("Travelers") (ECF No. 37), and a Cross-Motion for Partial Summary Judgment filed by Defendant, Providence Washington Insurance Company, Inc. ("Providence Washington") (ECF No. 42). Principally at issue are the respective obligations to pay for defense costs incurred by New England Container Company ("NECC") in lawsuits brought by Emhart Industries, Inc. (the "Emhart Actions"). Both the Motion for Summary Judgment and the Cross-Motion for Partial Summary Judgment are GRANTED IN PART and DENIED IN PART as follows:

1.  Method of Allocation

Providence Washington shall contribute to the past and future defense costs incurred by NECC pursuant to the Time on the Risk calculus. Century Indem. Co. v. Liberty Mut. Ins. Co., 815 F. Supp. 2d 508, 518 (D.R.I. 2011). A ruling on the amount owing will be made following limited discovery by the parties on the issue of the number of outstanding insurance policies.

2.  Discovery Related to Number of Relevant Policies

Providence Washington shall have ninety (90) days from February 3, 2014 during which to conduct discovery on the number of insurance policies that Travelers issued that are relevant to the Emhart Actions. The parties shall meet and confer following this 90-day period and shall comply with the instructions set forth in Section 5 below.

3.  Discovery Related to Reasonableness of Prior Defense Costs

Providence Washington may not conduct discovery on the reasonableness of the legal costs incurred to date in the Emhart Actions. The parties are ordered to develop a protocol for the review and assessment of defense costs going forward.

4.  Prejudgment Interest

"In any civil action in which a verdict is rendered or a decision made for pecuniary damages, there shall be added by the clerk of the court to the amount of damages interest at the rate

2

of twelve percent (12%) per annum thereon from the date the cause of action accrued . . . ." R.I. Gen. Laws § 9-21-10(a). Where the date of the onset of the plaintiff's actual damages is clearly identified, a cause of action will be found to have accrued on that date. See Gupta v. Customerlinx Corp., 385 F. Supp. 2d 157, 167 (D.R.I. 2005) (disputed bonus payments contractually owed at the end of each fiscal quarter and disputed commission payments due upon receipt of revenues); Lifespan Corp. v. New England Med. Ctr., Inc., Civil No. 06-cv-421-JNL, 2011 WL 3841085, at *4 (D.R.I. Aug. 26, 2011) (disputed payments contractually owed on specific dates); but cf. Buckley v. Brown Plastics Mach., LLC, 368 F. Supp. 2d 167, 172-73 (D.R.I. 2005) (awarding prejudgment interest from the time of filing of the lawsuit based on the impossibility of fixing the date on which plaintiff suffered damages).  In this case, the dates on which Travelers suffered damages are determinable because they are the dates on which Travelers made payments to cover defense costs for which Providence Washington was partially responsible.

The Court declines to accept Providence Washington's request to completely deny prejudgment interest based on Providence Washington's good faith belief that it would prevail in this lawsuit.  The parties do not cite, and the Court is unaware of any precedent in this jurisdiction that stands for

3

the proposition that a party's good faith belief in its likelihood of success will foreclose entirely the awarding of prejudgment interest. Nevertheless, courts in other states have adopted varying approaches.[1]  Compare Kentucky Commercial Mobile Radio Serv. Emergency Telecomms. Bd. v. TracFone Wireless, Inc., 712 F.3d 905, 917 (6th Cir. 2013) ("[Courts in Kentucky] routinely deny prejudgment interest where the defendant, in good faith, disputed its liability.") (internal citation and quotation marks omitted), and Whited v. Whited, 859 N.E.2d 657, 665 (Ind. 2007) ("Damages that are the subject of a good faith dispute cannot allow for an award of prejudgment interest.") (internal citation omitted), with Frontline Processing Corp. v. First State Bank of Eldorado, 389 F. App'x 748, 753 (9th Cir. 2010) ("Under Illinois law, a good-faith dispute would not preclude an award [of prejudgment interest] for a claim brought under a written instrument.") (alteration in original) (internal citation and quotation marks omitted).

---

[1] To call upon courts to determine whether a party's belief in its likelihood of success was reached in good faith requires courts to make determinations that are both burdensome and highly subjective. Perhaps it is for this reason that the Rhode Island Supreme Court has counseled that R.I. Gen. Laws § 9-21-10 "is neither ambiguous nor equivocal. It speaks imperatively and directly not to the court but to the clerk . . . . This is a purely ministerial act; it contemplates no judicial intervention." DiMeo v. Philbin, 502 A.2d 825, 826 (R.I. 1986) (alteration in original) (internal citation and quotation marks omitted).

There can be no dispute that Providence Washington's belief in its likelihood of success was well-founded. Indeed, Providence Washington won a motion for summary judgment in this Court holding that it was not obligated to contribute to NECC's defense costs in the Emhart Actions at all. (ECF No. 24.) Nevertheless, that decision was reversed by the Court of Appeals for the First Circuit (ECF No. 31) and this Court ultimately entered judgment for Travelers.

The Court is mindful of the oft-repeated dual purpose of prejudgment interest: encouraging early settlement and compensating injured plaintiffs for delays in receiving compensation. See Greensleeves, Inc. v. Smiley, 68 A.3d 425, 439 (R.I. 2013). Rhode Island courts have occasionally overlooked the statutory prescription for 12% prejudgment interest in limited circumstances where these dual purposes would not be furthered. See Tarpinian v. Daily, No. 95-0104, 1997 WL 838150, at *3 (R.I. Super. Aug. 15, 1997) (awarding 6% prejudgment interest where there had been a mutual mistake by the parties and no evidence of fraud or misrepresentation).

Here, the awarding of prejudgment interest serves principally to compensate Travelers for the long delay in receiving funds to which it is entitled. Providence Washington does not dispute that Travelers has incurred more than $7 million in defense costs related to the Emhart Actions since

5

2008. The Court of Appeals has found that Providence Washington is responsible for a portion of NECC's costs, and its nonpayment has deprived Travelers of the use of those funds.

However, in this case, it is to a significantly lesser extent that the awarding of prejudgment interest would have served to encourage early settlement. Here, neither party can be faulted for litigating this matter to conclusion. The good faith of Providence Washington's belief in its likelihood of success is evidenced by this Court's original entry of judgment in its favor. Likewise, the reversal of that judgment by the Court of Appeals evidences the good faith of Travelers' belief in its own likelihood of success.

Rhode Island law clearly requires that Providence Washington pay prejudgment interest at a rate of 12% on those NECC defense costs incurred on and after July 11, 2012 – the date of entry of judgment in favor of Travelers by the Court of Appeals and the date on which Providence Washington could no longer sustain a good faith belief in its likelihood of success. These interest obligations are to be calculated from the dates on which Travelers made the respective payments.[2]

---

[2] For example, a payment made on January 1, 2013 would accrue at a rate of 12% per annum from that date until present. See Buckley v. Brown Plastics Mach., LLC, 368 F. Supp. 2d 167, 173 (D.R.I. 2005).

6

What is significantly less clear, however, is whether Rhode Island law requires that Providence Washington pay prejudgment interest on those defense costs incurred prior to the Court of Appeals' ruling.  For this reason, the Court will certify the question to the Rhode Island Supreme Court as to whether the good faith belief by a party in its likelihood of success, as evidenced by the securing of a judgment in the trial court prior to reversal by an appellate court, will preclude the awarding of prejudgment interest for some or all of the period of time prior to the decision by the court of appeals.  The Court will enter a separate order certifying this question.

    5.   Parties to Meet, Confer and Stipulate

Following the 90-day period during which the parties may conduct discovery, the parties shall meet and confer and shall attempt to reach a stipulation as to the number of applicable policies, setting forth in joint correspondence to the Court the total number of policies, and the number of days that each party was "on the risk."

In the same correspondence, the parties shall provide the Court with a stipulation as to the amount of interest owing to Travelers based on the Court's findings as set forth above. Specifically, the correspondence should set forth the dates on which Travelers made payments to NECC (or NECC's attorneys) on

7

and after July 11, 2012, and the interest owing on those payments.

IT IS SO ORDERED.

/s/ W. Smith
_____
William E. Smith
Chief Judge
Date:  February 25, 2014